Filed 8/28/24  P. v. Cid CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WALTER DEL CID,<br><br>    Defendant and Appellant. | B333727<br><br>(Los Angeles County<br>Super Ct. No. VA098946) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa S. Coen, Judge.  Affirmed.

Andy Miri for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General and Steven D. Matthews, Deputy Attorney General for Plaintiff and Respondent.

—————————————

Walter Del Cid (defendant) appeals from the trial court's order denying his motion to vacate his plea under Penal Code section 1473.7.[1] We affirm.

## FACTS AND PROCEDURAL BACKGROUND

In March 2007, the People charged defendant with two counts of robbery (§ 211), and alleged that a principal was armed in connection with each (§ 12022, subd. (a)(1)).

In August 2007, defendant pled no contest to one count of robbery with an armed principal, in exchange for a sentence of 365 days in jail and three years' formal probation.

In conjunction with his no-contest plea, defendant signed a written "advisement of rights, waiver, and plea form," (advisement of rights) which was translated for him by a duly sworn Spanish-language interpreter. Defendant executed a statement that he had read and discussed the entirety of the advisement of rights with his attorney and that his initials beside particular paragraphs indicated he had "read, underst[oo]d, and agree[d] with" what was stated in those paragraphs. The advisement of rights included a paragraph stating: "**Immigration Consequences** - I understand that if I am not a citizen of the United States, I must expect my plea of guilty or no contest will result in my deportation, exclusion from admission, or reentry to the United States and denial of naturalization and amnesty." Defendant affixed his initials beside that paragraph.

At his plea hearing, defendant confirmed before the trial court that he had reviewed the advisement of rights with his attorney and a Spanish interpreter, that he had signed the advisement, and that he had personally written his initials in the

---

[1] All statutory references are to the Penal Code.

2

places on the document where his initials appeared.  The prosecutor nonetheless orally reminded defendant, "If you are not a citizen of the United States, I also must advise you that your conviction in this case will result in your being deported, excluded from [the] United States, denied reentry, naturalization, or amnesty.  Do you understand?"  Defendant responded, "yes."  The prosecutor then inquired, "Do you understand all the consequences of your plea here today, sir?"  Defendant replied, "Yes.  I understand all the consequences that are on the form.  I signed it."

Sixteen years later, in March 2023, defendant filed a motion to vacate his plea under section 1473.7 on the grounds that defendant "did not meaningfully understand the immigration consequences of his plea."  Defendant's declaration in support of his motion stated, "I did not have any knowledge of the immigration effect of this plea nor do I remember [it] being explained to me by my attorney. l don't remember my attorney telling me that this conviction will deport me."  Defendant stated he first learned of the immigration consequences of his conviction when he "was denied [his] legal permanent residence."  Defendant further represented that he had lived in the United States since 1996, that all of his immediate family resided in the United States, including his permanent resident wife and U.S. citizen son, and that his family "would suffer serious hardship without [him] . . . provid[ing] economic support for them."

In June 2023, the trial court held a hearing on defendant's motion to vacate under section 1473.7.  The trial court advised the parties, "based on the facts of this case, I don't see a legal error that prevented [defendant] from understanding what the consequences were."  The trial court noted that both the

3

"minutes" and "plea transcripts" documented that defendant was advised that "the conviction will result in these immigration consequences that he now faces." The trial court further observed that the full record of defendant's case indicated he received the benefits of a plea bargain: "This was a very serious case," with "people acting in concert to commit an armed robbery," and defendant received "a huge benefit" by "not going to prison." The court then denied the motion.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant argues that the trial court erred in denying his motion to vacate his conviction under section 1473.7.

### I. Section 1473.7, Subdivision (a)(1) and Standard of Review

Section 1473.7, subdivision (a)(1) permits the filing of a motion to vacate a conviction on grounds of "prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence."

"A successful section 1473.7 motion requires a showing, by a preponderance of the evidence, of a *prejudicial* error that affected the defendant's ability to meaningfully understand the actual or potential immigration consequences of a plea." (*People v. Vivar* (2021) 11 Cal.5th 510, 517 (*Vivar*); *People v. Espinoza* (2023) 14 Cal.5th 311, 316; see § 1473.7, subds. (e)(1), (a)(1).) If the motion is meritorious, "the court shall allow the moving party to withdraw the plea." (§ 1473.7, subd. (e)(3).)

We independently review the trial court's denial of a motion under section 1473.7. (*Vivar*, 11 Cal.5th at p. 527; *People v. Villalba* (2023) 89 Cal.App.5th 659 (*Villalba*).)

4

## II. The Trial Court Properly Denied Defendant's Motion to Vacate His Conviction

We agree with the trial court that defendant failed to meet his burden of showing error that damaged his ability to meaningfully understand the immigration consequences of his plea. Critically, defendant does not contend that any failure to explain the immigration consequences of his guilty plea occurred. Rather, defendant's motion for relief relies on his declaration that he does not now remember, and previously did not understand, the immigration consequences of his conviction. These claims are belied by the record. Defendant, with the assistance of his attorney and a Spanish-language interpreter, directly acknowledged in writing that he "underst[ood] that if [he is] not a citizen of the United States, [he] must expect [his] plea of guilty or no contest will result in [his] deportation, exclusion from admission or reentry to the United States, and denial of naturalization and amnesty." Defendant confirmed having signed that document in open court. Moreover, the prosecutor once again informed defendant, in open court, of the immigration consequences of his plea and defendant confirmed he understood. The full record of defendant's plea hearing further indicates defendant was responsive to the questions put to him during the hearing and fully understood the proceedings.

Defendant's reliance on *Villalba*, *supra*, 89 Cal.App.5th 659 is unavailing. There, defendant's motion was supported by an attorney declaration acknowledging that he likely misinformed the defendant about the immigration consequences of his plea. (*Id.* at p. 672.) No such evidence was presented here. To the contrary, defendant's motion is based solely on his own conclusory declaration. Moreover, defendant's lack of

5

recollection, as the trial court noted, falls short of negating the reality that he received clear advisements (both in writing and orally, in open court) that his plea would result in his deportation, inability to naturalize, and exclusion from reentry to the United States, and that he unambiguously acknowledged his understanding of these advisements. Because there was no error, we need not assess prejudice.

**DISPOSITION**

The order is affirmed.

DAVIS, J.*

WE CONCUR:

MOOR, Acting P. J.

KIM, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6 of the California Constitution.

6